STORY ET AL., RESPONDENTS, v. CORDELL ET AL., APPELLANTS.

[Argued January 25, 1893.  Decided May 22, 1893.]

SALES OF PERSONALTY—*Chattel mortgage—Bill of sale.*—A bill of sale of personal property, absolute on its face, which is accompanied by an agreement that if the debt for which it was given be paid within a stated period the bill of sale should be canceled, is in effect a chattel mortgage, and, not being accompanied by an affidavit of good faith as required by section 1538, fifth division of the Compiled Statutes, where mortgaged chattels remain in the possession of the mortgagor, or acknowledged and filed, is void as against third parties.

SAME—*Delivery.*—The marking of barrels of whisky with a cross and the vendee's name and removing them from the back of a store, and placing them in the center of the room, is not a sufficient delivery of possession as to third parties.

*Appeal from Second Judicial District, Silver Bow County.*

Claim and delivery. The case was tried before McHATTON, J., without a jury. Plaintiffs had judgment below. Reversed.

Statement of facts prepared by the judge delivering the opinion:

- This action is in replevin for the recovery of certain barrels of whisky. The plaintiffs are creditors of defendant Cordell. Defendant Sutton is the assignee for the benefit of the creditors of said Cordell. The plaintiffs, as creditors of Cordell, about the twenty-first day of November, 1889, went to him for a settlement of their account. Cordell was a merchant in Walkerville, Silver Bow county. By reason of his indebtedness to the plaintiffs he turned over to them the barrels of whisky which are the subject of this action. The facts of this "turning over of the whisky," as the witnesses call it, were as follows: The whisky was in the warehouse of defendant Cordell. When the managing agent of the plaintiffs went to Cordell to collect the account, Cordell gave to the plaintiffs a bill of sale of the whisky. This bill of sale was absolute on its face. But accompanying the bill of sale was an agreement between Cordell and the plaintiffs that if Cordell paid this indebtedness within a period fixed in the agreement the bill of sale should be canceled, as the witness expressed it. In any event, the agreement was that the bill of sale was a security for the payment of the indebtedness, and if said indebtedness were paid within the time mentioned, the sale should be considered as null. Thereupon, the agent of the plaintiffs marked these barrels of whisky with the names of the plaintiffs, and also by cutting a cross upon the barrels. He took the whisky from where it was stored, in the back room of the store, and placed it in the center of the room. It was left in the possession of Cordell in that place, in his warehouse. The only acts tending to show a delivery from Cordell to the plaintiffs were the moving of the barrels of whisky from one place in the store to another, and the marking as above described. Cordell continued in the possession of the said building, the front room of which appeared to be used as a salesroom, and the back room as a warehouse. Thereafter, and on November 25th,

Cordell made a general assignment for the benefit of creditors to Sutton, the other defendant in this action. That assignment included the whisky above described. All of the assigned property, with the whisky, was delivered to Sutton, and he took exclusive possession of the same. He refused to deliver the whisky to plaintiffs upon their demand. The case was tried to the court below without a jury, and the decision and judgment were in favor of plaintiffs. Defendants moved for a new trial, which was denied, from which order and from the judgment they appeal. The contention of the appellants and the point raised upon this appeal is, that the sale from Cordell to the plaintiffs was in effect an attempt to create a chattel security, and that as the instrument (bill of sale) was not verified and filed as a chattel mortgage, nor the actual delivery of the chattels made, it was void as to Sutton, the assignee; the respondents contending, on the other hand, that the sale, even if construed as a mortgage, was good as between Cordell and plaintiffs, and that Sutton, assignee, steps into the position of Cordell, assignor, and has no more rights than Cordell, and therefore cannot hold the property as against the sale from Cordell to the plaintiffs.

*F. T. McBride,* for Appellants.

The bill of sale did not comply with any requirement of the law in reference to chattel mortgages, and the possession of the said property was by plaintiffs allowed to remain in Cordell. The bill of sale was therefore void as against all parties except Cordell. (Comp. Stats., div. 5, §§ 1538, 1539, 1540, 1549.) The instrument under which defendant Sutton claims, preferred other creditors of Cordell other than plaintiffs herein, and Sutton having taken immediate possession of the property in controversy and maintained the same, the right of the said preferred creditors and defendant Sutton, acting for them, was superior to any claim of plaintiffs to the property in controversy. (Comp. Stats., §§ 1538, 1539, 1540, 1549; *Milburn Mfg. Co.* v. *Johnson,* 9 Mont. 537; *Putnam* v. *Reynolds,* 44 Mich. 113; *Hanes* v. *Tiffany,* 25 Ohio St. 549; Jones on Chattel Mortgages, § 244.)

*W. I. Lippincott,* for Respondents.

The defendant, as the assignee of Cordell, succeeded only to the rights of Cordell, and is affected by all the equities against him, and takes the property of his assignor subject to all equities, existing liens, charges, and offsets. He takes no better title and no higher rights than the assignor had, and is not a purchaser for a valuable consideration. (*Luckenbach* v. *Brickenstein,* 5 Watts & S. 145; *German Savings Inst.* v. *Adae,* 8 Fed. Rep. 106; *Hodgson* v. *Barrett,* 33 Ohio St. 63; 31 Am. Rep. 527; *Gardner* v. *National City Bank,* 39 Ohio St. 600; *James* v. *Mechanics' Nat. Bank,* 12 R. I. 460; *Morris' Appeal,* 88 Pa. St. 368; *Kepler* v. *Erie Dime Savings etc. Co.,* 101 Pa. St. 602; *Gammons* v. *Holman,* 11 Or. 284; *Hahn* v. *Salmon,* 20 Fed. Rep. 801; *Lycoming F. Ins. Co.* v. *Storrs,* 97 Pa. St. 354; *Frow* v. *Downman,* 11 Ala. 880; *Carter* v. *Lipsey,* 70 Ga. 417; *Pierson* v. *Manning,* 2 Mich. 445.) Counsel for appellant admits that the sale is good as against Cordell. If the sale is good as against Cordell, it is good as against the defendant, for the assignee stands in the shoes of the assignor, and cannot be put into a position different from the assignor, unless fraud has been practiced upon him; and he takes an assignment subject to all rights of setoff, legal or equitable, whether he has notice or not of any such rights. (*Dupont* v. *Wertheman,* 10 Cal. 354; *Reynolds* v. *Harris,* 14 Cal. 668; 76 Am. Dec. 459; *Wells* v. *Clarkson,* 2 Mont. 230; *Wells* v. *Clarkson,* 2 Mont. 379; Burrill on Assignments, p. 616, and notes; Comp. Stats., p. 61, § 5, c. 1; Civ. Proc., div. 1.

De Witt, J. We are of opinion that the contentions in this case are determinable under the provisions of our law in reference to personal property securities. (General Laws, Comp. Stats., div. 5, c. 92.) That chapter provides, among other things, as follows: "The provisions of the foregoing sections of this chapter shall extend to all such bills of sale, deeds of trust, and other conveyances of goods, chattels, or personal property as shall have the effect of a mortgage or lien upon such property." (Comp. Stats., § 1549.) It is perfectly clear that the bill of sale in this case falls within the purview of this section. The transaction between Cordell, the debtor, and

Story & Co., his creditors, in which the bill of sale was given, was intended to "have the effect of a mortgage or lien upon" the whisky. Therefore, this transaction being subject to the provisions of chapter 92, section 1538, is applicable, and that section is as follows: "No mortgage of goods, chattels, or personal property shall be valid, as against the rights and interests of any other person than the parties thereto, unless the possession of such goods, chattels, or personal property be delivered to and retained by the mortgagee, or the mortgage provide that the property may remain in the possession of the mortgagor, and be accompanied by an affidavit of all the parties thereto, or, in case any party is absent, an affidavit of those present, and of the agent or attorney of such absent party, that the same is made in good faith to secure the amount named therein, and without any design to hinder or delay the creditors of the mortgagor, and be acknowledged and filed as hereinafter provided."

Applying the law to the facts, we observe that the possession of the personal property was not delivered to and retained by Story & Co., who were in the relation of mortgagees, as described in section 1538. Nor again, was the instrument—bill of sale—which by section 1549 is to be treated as a mortgage, accompanied by the affidavit mentioned in sec- 1538, nor was it acknowleged as therein provided Applying the further provisions of section 1538, we observe that the transaction was void as against the rights and interests of any other person than the parties thereto. The rights of persons (which rights Sutton represents) other than the parties to that transaction having intervened, that transaction is void as to those rights. The judgment is therefore reversed.

*Reversed.*

PEMBERTON, C. J., and HARWOOD, J., concur.