HARMON, RECEIVER OF THE STOCK GROWERS' NATIONAL BANK, OF MILES CITY, MONTANA, APPELLANT, *v.* HAWKINS, AS SHERIFF OF THE COUNTY OF CUSTER, RESPONDENT.

[Submitted September 28, 1896. Decided October 19, 1896.]

SALES OF PERSONALTY—*Delivery—Replevin—Pleading.*—A complaint in replevin against a sheriff who had attached certain sheep as the property of the plaintiff's vendor, which alleges a purchase of the sheep while in the possession of the vendor and his promise to herd and care for them until otherwise disposed of, but which fails to allege a delivery and change of possession at the time of the sale or prior to the attachment, is insufficient under section 226, fifth division of the compiled statutes, requiring an immediate delivery accompanied by an actual and continued change of possession in order to constitute a sale of personalty valid as against creditors of the vendor.

*Appeal from Seventh Judicial District, Custer County.*

CONVERSION. Judgment was rendered for the plaintiff below by MILBURN, J. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action for damages for the alleged conversion of personal property. It is alleged in the complaint that the sheep in question were purchased by E. E. Batchelor, as trustee of the plaintiff bank. The sheep, it is alleged, were at the time of the alleged purchase in the possession of one Dan H. Bowman; that the said Bowman was at the time of the alleged purchase notified by Batchelor of the same; that Bowman received the sheep from said Batchelor, and agreed to herd and care for the same until they were otherwise disposed of. The sheep were purchased by Batchelor from said Bowman and one Merrill.

It seems, from the imperfect record of the case, that there was a trial of some sort, of the case, before the court without a jury. Pending the trial the plaintiff asked and obtained leave of court to amend the complaint by interlining therein words showing that Batchelor purchased the sheep as trustee of the plaintiff. This continued the case, and the court granted defendant time and leave to demur to or answer the amended complaint. The defendant demurred on the ground that the amended complaint did not state facts sufficient to constitute a cause of action, and also on the ground that the amended complaint was inconsistent with the former complaints filed by plaintiff.

The court sustained the demurrer. Plaintiff declined to amend the complaint, whereupon judgment was entered in favor of defendant for costs. Plaintiff appeals from the judgment.

*Charles H. Loud,* for Appellant.

*Strevell & Porter,* for Respondent.

PEMBERTON, C. J.—The sheep in controversy, as shown by the complaint, were, at the time it is alleged Batchelor purchased them of Bowman and Merrill, all in the possession of Bowman. It is nowhere alleged that Bowman and Merrill, or either of them, ever delivered the sheep to Batchelor. The most that can be claimed is that when Batchelor purchased the sheep they were in the possession of Bowman, and that they were permitted to remain in his possession upon his alleged promise to herd and care for them until they were otherwise disposed of. It is not alleged that there ever was an actual delivery of the sheep to Batchelor by Bowman and Merrill or either of them. There is no allegation in the complaint that there was a change of possession at the time Batchelor purchased the sheep, or at any other time before they were attached by the defendant. The defendant is the sheriff of Custer county, and attached the sheep, in possession of Bowman, as such officer in a suit by one Jordan against said Merrill, and afterwards

sold the sheep under an execution issued out of the district court of said county in said suit. These facts constitute the conversion alleged in the complaint.

It is stated in the brief of counsel for the respondent that the court held the complaint bad because of the want of an averment therein that Batchelor ever took actual posession of the sheep under his alleged purchase from Bowman and Merrill. Section 226, div. 5, Compiled Statutes 1887, under which this case was tried, is as follows:

"Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by the immediate delivery, and be followed by an actual and continued change of possession of the thing sold and assigned, shall be conclusive evidence of fraud as against the creditors of the vendor or the person making such assignments, or subsequent purchasers in good faith."

We think the allegations of the complaint fall far short of stating facts sufficient to constitute an immediate delivery, and an actual and continued change of possession, of the sheep, as required by said statute, in order to constitute the sale to Batchelor valid against creditors and subsequent purchasers in good faith.

The action of the court in sustaining the demurrer to the complaint is the only error assigned. We see no error in the action of the court. The judgment appealed from is affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.