FRANK CADY, Respondent, v. JOHN ZIMMERMAN, SHERIFF, ETC., ET AL., APPELLANTS.

(Submitted Oct. 12, 1897.  Decided Oct. 18, 1897.)

*Sale—Change of Possession—Fraudulent Conveyances.*

On April 24th, 1895, the plaintiff bought 400 lambs from one Graves; the contract was in writing; in April, 1896, Graves turned 275 of the lambs over to plaintiff who branded them with the bottle brand; and, at the same time, plaintiff arranged that Graves as plaintiff's agent should take care of and feed the same; *held*, that there was a sufficient delivery and change of possession, under the statute of fraudulent conveyances, as against the attachment of the vendor's creditor.

*Appeal from District Court, Teton County. D. F. Smith, Judge.*

ACTION by Frank Cady against John Zimmerman, sheriff, and the First National Bank of Great Falls, Montana, for the conversion of personal property.  From a judgment for plaintiff, defendants appeal.  Affirmed.

Statement of the case by the court.

This is an action for damages for the conversion of personal property.  The case was tried below by the court without a jury, upon an agreed statement of facts.  From this agreed statement of facts it appears that on the 24th day of April, 1895, the plaintiff purchased of one J. M. Graves 400 lambs.  This contract was in writing.  In April, 1896, 275 of the lambs were turned over to the plaintiff by Graves.  Cady then branded each of the lambs with what is known as the "bottle brand," and at the same time entered into an arrangement with Graves by which the latter was to care for and herd the lambs for Cady, as his agent.  Thereafter Graves kept these lambs separate from any other sheep of the same age.  He sheared them separately and marketed the wool separately, and always held and kept the lambs as the property of plaintiff.  About the 28th day of July, 1896, the defendant bank

commenced a suit by attachment against Graves and his partner, Harris. Zimmerman, who is the sheriff of Cascade county, levied the attachment issued in said suit on 213 head of the sheep in question; the sheep then being still in the possession of Graves, who, as the statement of facts shows, held them as the agent and representative of Frank Cady, the plaintiff. Plaintiff filed his sworn claim to the property and delivered it to the sheriff after he (the sheriff) had taken possession thereof. The sheriff proceeded to sell the property under the execution issued in said suit.

The case having been tried before the court without a jury, judgment was rendered in favor of plaintiff for the value of the sheep levied upon, taken and sold by the sheriff. Defendants appeal from the judgment.

*I. Parker Veazey*, attorney for Appellants.

The alleged sale of said property by Graves to respondent Cady was not "accompanied by immediate delivery, and followed by an actual and continued change of possession," and hence, "is conclusively presumed to be fraudulent, and, therefore, void." (*Harman* v. *Hawkins*, 18 Montana 525, *Story* v. *Cordell*, 13 Montana 204, *Botcher* v. *Berry*, 6 Montana 452, *Baur* v. *Beall*, 23 Pac. 345, *Autrey, Sheriff*, v. *Bower*, 43 Pac. 908, *Bunting* v. *Saltz*, 24 Pac. 168, *Brown* v. *O'Neal, Sheriff*, 30 Pac. 538, *Howe* v. *Johnson*, 40 Pac. 42, *Kennedy* v. *Conroy*, 44 Pac. 795.)

The only cases which seem to constitute an exception to the rule established by the above, and many other cases, are those in which the property sold is in the possession of a third party, or in which the property (live-stock) is, immediately after the sale and constructive delivery, turned upon the government ranges, and is therefore considered to be out of the vendor's possession, actually in no one's possession and constructively in the vendee's possession.

*J. E. Erickson*, attorney for Respondent.

The sale of the sheep from J. M. Graves to plaintiff, Frank

Cady, was followed by delivery sufficient to pass the property. There was such "immediate delivery" and "actual, continued change of possession" as is necessary to constitute a valid sale as against creditors. Full value of the sheep was paid. The sheep were counted. Respondent Cady marked them, and after having made arragements with Graves to run them, they were kept separate from other sheep of the same age; were sheared separately; their wool marketed separately, and they were understood by Graves to be, and were held by him as the property of respondent Frank Cady. There was the assertion of complete authority on the part of the vendee by acts consistent only with ownership and assented to by the vendor.

Lawson's Rights and Remedies, vol. 5, page 3920, Section 2334. (*O' Gara* v. *Lowry,* 5 Montana 427, *Dodge* v. *Jones,* 7 Montana 121, *Everett* v. *Brigham,* 47 Pac. 75, *Goldstein* v. *Nunan,* 66 Cal. 542, *Humphrey* v. *Harkey,* 59 Cal. 626, *Godchaux* v. *Mulford,* 26 Cal. 317, *Stevens* v. *Irvine,* 15 Cal. 503, *Montgomery* v. *Hunt,* 5 Cal. 366.)

When Cady accepted the sheep and marked them, delivery was sufficient and sale was complete. (Parsons on Contracts, vol. 1, page 531, Sixth Edition.)

"After a sale of personal chattels has become perfected by such visible, notorious, and continued change of possession that creditors of the vendor may be *presumed* to have notice of it, the vendee may lend or let, or employ the vendor to sell or perform any other service about the thing, with the same safety he may a stranger." (*Dewey* v. *Thrall,* 13 Vermont, 284; see also *Gould* v. *Huntley,* 73 Cal. 399; *Porter* v. *Bucher,* 98 Cal. 459, and *Wright* v. *Soloman,* 19 Cal. 64.)

PER CURIAM.—The appellants contend that the alleged sale of the sheep in controversy by Graves to Cady was not accompanied by immediate delivery, nor followed by an actual and continued change of possession, and hence is conclusively presumed to be fraudulent and void against the attaching creditor in this case. This is the only question raised by this appeal.

Counsel for appellants cite *Harmon* v. *Hawkins*, 18 Montana 525, 46 Pac. 439, and *Story* v. *Cordell*, 13 Montana 204, 33 Pac. 6, in support of their contention that the alleged sale in the case at bar was void because not accompanied by immediate delivery and actual and continued change of possession of the property alleged to have been sold.

*Harmon* v. *Hawkins, supra,* decided merely a question of pleading. The complaint in that case set out the evidence of plaintiff's title to the personal property mentioned in that case. The defendant demurred to the complaint on the ground that the complaint did not allege any delivery or change of possession of the property mentioned. The court simply held that the complaint was insufficient for the reason stated in the demurrer. In other words, this court held that the complaint in *Harmon* v. *Hawkins* did not allege a delivery or change of possession of the property mentioned therein.

In *Story* v. *Cordell, supra,* Cordell executed a bill of sale to the property in controversy, absolute on its face; but accompanying the bill of sale was an agreement between Cordell and the plaintiffs that, if Cordell paid plaintiffs' indebtedness within a period fixed in the agreement, the bill of sale should be canceled. This court held that agreement to be, in effect, a chattel mortgage, but that, as it was not accompanied by an affidavit of good faith, or acknowledged and filed as required by the statute, it was void as against the creditors of Cordell. In that case this court further held that the marking of certain barrels of whiskey with a cross and the vendee's name, and removing them from one part of the building occupied by Cordell to another part, did not constitute a delivery, as against third parties. In *Story* v. *Cordell* there was no parting with the ownership, and no change, or pretense of change of possession. It was, at most, a conditional sale of personal property.

The facts in the case at bar bring it more nearly, we think, within the rule of this court as announced in *Dodge* v. *Jones*, 7 Montana 121, 14 Pac. 707.

In that case this court said :  ''No particular act or formal

ceremony is necessary to make a delivery in law. Any act done, coupled with the intent to change the ownership, which has the effect to transfer the dominion over the thing sold to the buyer, is a delivery. Any small chattel capable of being handled may be delivered by handing it to the buyer, as selling goods across the counter in a store; but horses are not capable of this manual kind of delivery. We think, when the bar was branded under the K, so that the appellant's horses could be distinguished from those of the Kirkpatricks, and they were turned out on the same range, those acts were done with the intent to transfer the ownership and dominion over these horses to the appellant.''

In the case at bar, when Graves turned over the 275 lambs to Cady, the latter placed the ''bottle brand'' on each of the sheep, which was evidently the brand of the plaintiff; and thus by this brand plaintiff's sheep were distinguished from the other sheep belonging to Graves or anybody else, so that by such branding creditors of Graves might have been presumed to have notice that the ownership in the sheep thus marked had been changed from that of Graves to the plaintiff or some one else.

We think the rule announced by the Supreme Court of California in *Porter* v. *Bucher*, 98 Cal. 454, 33 Pac. 335, is appropriate to the facts of this case.

In that case, which was a very similar one to the one at bar in principle, the court said: ''In the determination of the question as to the kind of possession necessary to be given in order to make a sale of personal property valid as against creditors, regard must be had, not only to the character of the property, but also to the nature of the transaction, the position of the parties, and the intended use of the property. The law only requires that which could naturally be done in an honest and businesslike transaction, where there was no thought of fraud or concealment.''

In this case there is no pretense of fraud or concealment. The transaction has attached to it no suspicion even. We think the court below was justified, from all the facts, cir-

cumstances, and conditions of this particular case, to hold that there was a sufficient delivery of the property and change of possession thereof at the time of the sale to take the case out of the statute of frauds.

This being the only question before this court, we are of the opinion that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

