heard the bell, and did not get off the track, the defendant had no right to run into plaintiff and inflict the injuries that were inflicted. Cohn v. Met. St. Ry. Co., 34 Misc. Rep. 186, 68 N. Y. Supp. 830; Fishback v. Steinway Ry. Co., 11 App. Div. 152, 42 N. Y. Supp. 883.

We are also of the opinion that the judgment was not excessive. The judgment appealed from is affirmed, with costs.

---

(104 App. Div. 568.)

### CROCKER–WHEELER CO. v. VARICK REALTY CO. et al.

(Supreme Court, Appellate Division, First Department.   May 20, 1905.)

BUILDING CONTRACTS—FAILURE TO COMPLETE WORK IN STIPULATED TIME—RIGHT OF CONTRACTOR TO COMPENSATION.

Where a contractor failed to complete the building within the time required by the contract, though the owner thereafter urged the contractor to hasten completion, he could, after completion, resist payment on the ground that the work was not finished in time.

Appeal from Appellate Term.

Action by the Crocker-Wheeler Company against the Varick Realty Company and another. A judgment for plaintiff was reversed by the appellate term (88 N. Y. Supp. 412), and plaintiff appeals. Judgment of appellate term affirmed.

The following is the opinion of Delehanty, J., in the City Court:

If time was of the essence of the contract in suit, as claimed by defendant, I think from its acts that it is estopped from now asserting it as a defense hereto. If right in its contention in that respect, it had the power to sever its contract with plaintiff when the latter overran the 2d of February, 1903, and failed of installing the first elevator bargained for. But this it did not do. While it is true that the continued failure on a contractor's part to complete work is a continuous breach of the contract, of which the owner may avail himself at any time, yet it would be most inequitable to apply the rule to a case where the contractor is permitted to go on and complete his work after the breach, lulled into belief that the contract is still in force, and then be met with a refusal to pay, alleging the breach in question as a reason therefor. I think the case of Dunn v. Steubing, 120 N. Y. 232, 24 N. E. 315, is controlling upon this point. There, as here, the plaintiff was required to have his work completed by a certain day. He did not, and the court said: "Then there was an obligation upon the defendant. That obligation was this: It was then the duty of the defendant to stop the plaintiff's work; or, if he allowed him to go on and work without protest, he must pay him for the work that he did. If he wished to insist upon a forfeiture, if he wished to insist upon the strict terms of the contract, it was then his duty so to insist. * * * He had the right to let plaintiff go on and complete his work, and then he had the right to say. 'I will pay you for the work that you have done for me, but I want the damages that you have caused me by the delay in doing my work as you have agreed to do it.'" The case at bar, however, is even stronger, in the respect that it shows that the time limit stated was extended by defendant to a date subsequent to that originally fixed, evidenced thereafter not only by the acts of Richardson, as much the agent of one as the other of the parties, but by both Bain and Lynch, its officers, in urging plaintiff to continue and hurry the completion of the work in question. Particularly is this so as shown by the letter of defendant's attorneys to plaintiff under date of March 7, 1903, which bears but one construction, namely, that if the work contracted for is not fully done by March 9th, plaintiff will be held liable for all damages resulting from the delay in connection therewith. It is con-

ceded that the work was completed on the date last named. The language of Thomson v. Poor, 147 N. Y. 489, 42 N. E. 15, on the question of waiver. is therefore pertinent. "We know of no principle of law," say the court, "which will permit a party to a contract, who is entitled to demand the performance by the other of some act within a specified time, and who has consented to the postponement of the performance to a time subsequent to that fixed by the contract, and where the other party has acted upon such consent, and in reliance thereon has permitted the contract time to pass without performance, to subsequently recall such consent and treat the non-performance within the original time as a breach of the contract." While the act of plaintiff in stopping work on the contract in question for a period of ten days to investigate the financial condition of the party it was dealing with was reprehensible, and in part a cause for the delay complained of, yet the conduct of defendant in urging thereafter the completion of the work, finally accepting same when performed, and paying therefor a large part of the stipulated price thereof, is not only far from being evidence of an abandonment of the contract, but, on the contrary, consistent with the claim that there was a final completion thereof to the mutual satisfaction of the parties thereto. If right in my conclusion that there was an extension of time of performance of contract and waiver of damage thereunder, then it becomes unnecessary to discuss the main contention of defendant that plaintiff is liable for the special damages pleaded by it. It follows that defendant's counterclaim must be dismissed, and judgment awarded plaintiff for the amount demanded, together with the costs of the action. Defendant to have a stay of execution for ten days after entry of judgment, and thirty days' additional time to make and serve case on appeal, if so advised.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

H. P. Heath, for appellants.
J. L. Wilkie and J. H. Wood, for respondent.

PER CURIAM. Determination affirmed, with costs, on the opinion of the court below, and judgment absolute ordered for the defendant, with costs.

---

(104 App. Div. 566.)

### EAMES v. BRUNSWICK CONST. CO.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

STOCK SUBSCRIPTIONS—ACTION AGAINST SOLICITOR.

A subscriber to stock may not sue the soliciting agent for falsely informing plaintiff that his subscription was being canceled, save in an action at law for damages, and where plaintiff believed it, and in reliance upon it did or refrained from doing something, causing damage.

Appeal from Special Term, New York County.

Action by Stewart W. Eames against the Brunswick Construction Company. From a judgment for defendant plaintiff appeals. Affirmed.

The following is the opinion of the court below (Scott, J.):

The complaint certainly states no cause of action against the demurring defendants. They acted, as it is alleged, solely as agents of the defendant, Brunswick Construction Company, to solicit subscriptions to the syndicate agreement. Whatever duty they owed was to their principals, and if it was a part of that duty to communicate plaintiff's withdrawal from the agreement their failure to do so was a breach of duty to their principals. and not to this plaintiff. It is not necessary to consider here whether no-