MOHN v. NEW YORK & PENNSYLVANIA SMOKELESS COAL CO.

(Supreme Court, Appellate Term, First Department.   January 3, 1914.)

SALES (§ 176*)—BREACH OF WARRANTY—DEFENSES.

   Where time of delivery is of the essence of a contract of sale, the buyer's acceptance of the goods purchased after the expiration of the time fixed merely precludes a rescission of the contract, and does not constitute a waiver of the right to recover for a breach of the contract on the seller's part as to the time of delivery.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 436–444; Dec. Dig. § 176.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Elmer L. Mohn, trading as the E. L. Mohn Coal & Iron Company, against the New York & Pennsylvania Smokeless Coal Company, which counterclaimed.   From a judgment for plaintiff, defendant appeals.   Reversed and remanded.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Menkel & Hinckley, of New York City (George W. Hinckley, of New York City, of counsel), for appellant.

Ralph Polk Buell, of New York City, for respondent.

GUY, J.   Plaintiff sues to recover for a balance due for coal sold and delivered under a contract which provided for delivery on or before a specified date.   The answer is a general denial and a plea of payment, accompanied by a counterclaim for damages for delay in delivery.

The evidence shows that defendant paid for the entire amount of coal contracted for, in advance, at the time of the making of the contract, and that the action is brought to recover for an additional amount of coal delivered by plaintiff to defendant subsequent to the delivery of the coal under the contract; also that none of the coal plaintiff contracted for was delivered on or before the date specified, notwithstanding frequent and urgent demands by defendant, in the way of correspondence, that plaintiff should fulfill its contract in that regard. The entire amount of coal contracted for was delivered subsequent to the specified date, and delivery thereof was accepted by the defendant. An extended correspondence as to the reasons for nondelivery of the coal at the time specified was introduced in evidence, and plaintiff proved the sale and delivery of the coal.   Defendant then sought to introduce proof of damage for delay in delivery under its counterclaim.   Objection was made, and the court excluded the evidence, holding that the acceptance of the various shipments of coal made subsequent to the specified date, and the correspondence in evidence, constituted a full waiver on defendant's part of any right to recover damages for breach of contract.

In so ruling, the learned trial court erred.   It is well settled that where time is of the essence of a contract, in the absence of an agree-

ment to modify the contract by extending the time, a subsequent delivery and acceptance of the thing contracted for constitutes only a waiver of the purchaser's right to cancel the contract, and does not constitute a waiver of any right to recover for breach of the contract on the seller's part as to the time of delivery. Crocker-Wheeler Co. v. Varick Realty Co., 104 App. Div. 568, 88 N. Y. Supp. 412, 94 N. Y. Supp. 23. "Where the time of performance has been waived and the contractor has been permitted to fully perform, the owner [the purchaser] * * * may counterclaim his damages or sue therefor in an independent action." General Supply & Const. Co. v. Goelet, 149 App. Div. 80, 133 N. Y. Supp. 978. See, also, Deeves & Son v. Manhattan Life Ins. Co., 195 N. Y. 324, 88 N. E. 395.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.