BRUNELL, RESPONDENT, v. COOK, APPELLANT.

[Submitted October 11, 1893. Decided December 11, 1893.]

13   497
19   234
13   497
f34   520

CLAIM AND DELIVERY—*Measure of damages—Instructions.*—In an action to recover possession of horses, wagon, and harness, with damages for wrongful detention, where no special damage is alleged, it is prejudicial error to instruct the jury that the measure of damages is "the reasonable value of the use or hire of the property while in the possession of the defendant from the time of the demand," without also directing the attention of the jury to the consideration of whether the plaintiff could have kept such property constantly employed at a given rate, either by hiring to others, or by employment at home, or whether the gross earnings would have been diminished by expenses of keeping.

*Appeal from Fourth Judicial District, Missoula County.*

Claim and delivery. The cause was tried before MARSHALL, J. Plaintiff had judgment below. Reversed as to damages.

*Henry C. Stiff,* for Appellant.

*George B. Wilds,* for Respondent.

HARWOOD, J.—The instruction signifying to the jury the rule for the measurement of damages is the only assignment of error which we deem well founded.    By this action plaintiff claims delivery of the possession of certain personal property, and damages for wrongful detention.    In the usual form he alleges ownership of said property, viz: three head of work-horses, of the value of $160 (two being of the alleged value of $50 each, and the third $60); also one "two-horse wagon" of the value of $30, and a set of double-wagon harness, valued at $20.    The damage for wrongful detention of this property is alleged to be five dollars per day as the "reasonable hire for the use" thereof during the time of wrongful detention, which was from May 31 to October 11, 1892.

At the trial plaintiff prevailed, recovering judgment for possession of said property, or the value, as alleged, if return could not be made, together with damages in the sum of $265 for wrongful detention.    Thus the damage assessed for detention—about four months—is considerably more than the whole value of the property, and it does not appear that the property at all deteriorated in value.    There is no special damage alleged, but simply the rate "for hire or use" thereof is alleged.    If the property had been entirely converted, for instance, shipped out of the jurisdiction, sold, and the proceeds taken by defendant, so that return could not be enforced; or even if it had been absolutely destroyed in his possession, defendant's case would have been better, for in that event the measure of damage would be the value, $210, and interest thereon at the lawful rate of 10 per cent for a little more than four months, for the conversion.    (See Sedgwick and Sutherland on Damages, under topic of "Conversion.")

In the absence of extraordinary conditions, it would seem to be contrary to practical results that the net value for use or the earnings of this character of property for such a period of time should more than exceed the value of the animals, wagon, and harness used; and no extraordinary circumstances appear in the adjudication to enhance the damages above ordinary results. .

The rule for measurement of damages given to the jury in the instruction by the court is as follows: "The court instructs the jury that if they find for the plaintiff they should find the value of the property, and also find for the plaintiff the damages they believe he has sustained by reason of the detention thereof; that the damages, if they find for the plaintiff, are the reasonable value of the use or hire of the property while in the possession of defendant from the time the demand for the property was made on him, to wit, the thirty-first day of May, 1892, up to the present time." Under ordinary circumstances it would seem to be contrary to practical experience for farmers (as in this case) to keep such property constantly employed at a given rate of earnings, either by letting to others for hire or by employment at home; or to set down the gross earnings as profits, undiminished by any expense for feeding, care, and otherwise. And where the "value for hire or use" is adopted as the criterion for computation of damage for wrongful detention of personal property, the attention of the jury should be called to those points of consideration, and not directed to the computation of gross earnings for an unbroken period of time, unaccompanied by those other considerations. These elements of the problem were not given in consideration to the jury along with the other suggestions given, and without such accompaniment we think the instruction is defective, and prejudicial to defendant in its tendency. The actual damage is all that should be assessed, as there is no circumstance of aggravation shown. The property appears to have been originally taken from plaintiff by a constable, and sold under an alleged legal process; but in these proceedings such alleged process was held to be entirely void.

That part of the judgment which provides for recovery of damage must be reversed, and the case remanded for new trial on the question of damages, unless the parties by agreement fix the amount for which judgment as damages may be entered. In other respects the judgment is affirmed. Costs of this appeal apportioned equally between the parties.

*Reversed in part.*

PEMBERTON, C. J., and DE WITT, J., concur.