### CROCKER–WHEELER CO. v. VARICK REALTY CO. et al.

(Supreme Court, Appellate Term. May 19, 1904.)

1. CONTRACTS—INSTALLMENT OF ELEVATOR—TIME AS ESSENCE—WAIVER—EFFECT ON COUNTERCLAIM.

> The fact that, after stipulating with a contractor for the installment of an elevator by a certain date, the property owner permits the contractor to put in the elevator after that date, while operating as a waiver of the delay as a defense to a claim for the contract price, is not a waiver of the property owner's counterclaim for damages resulting from his tenant's refusal, pursuant to the terms of the lease, to pay rent until the elevator was installed, of which lease the contractor had notice.

Appeal from City Court of New York.

Action by the Crocker-Wheeler Company against the Varick Realty Company and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Gould & Wilkie, for appellant Varick Realty Co.

L. Hollingsworth Wood, for appellant National Surety Co.

Liebmann & Naumburg, for respondent.

SCOTT, J. The plaintiff contracted with the defendant Varick Realty Company to furnish and install, in a building owned by said defendant, two electric elevators. One of the elevators was to be in operation by February 2, 1903; the installation of the other to be completed as quickly as possible after the installation of the first; 10 days being mentioned as the probable time. It is made clear by the evidence that much stress was laid by defendant upon the necessity of having at least one elevator in running order by February 2d, and that plaintiff was distinctly notified that no contract would be made which did not definitely state the date for the complete installation of at least one of the elevators. There can be no doubt that it was thoroughly understood by both parties that the timely installation of at least one elevator was an important and essential element of the agreement. The reason for this insistence on the part of the defendant was that it had already negotiated and was about to execute a lease of the premises from February 1st, under which the tenant was to pay no rent until at least one elevator had been installed and was in running order. It was shown that plaintiff at the time of making its contract with defendant, or very shortly thereafter, had knowledge of the making of such a lease, and that its agent in the transaction between plaintiff and defendant had knowledge of the special clause respecting the payment of the rent. At all events, from the character and size of the building, the plaintiff might well be held bound to know that its value for rental purposes would be much affected by the existence or nonexistence of proper ele-

vator service.   The plaintiff, for reasons which constitute no excuse, did not comply with its contract as to time, and did not complete either elevator until March 2d.   The lessee of the building, under the terms of his lease, refused to pay the rent for the month of February, amounting to $1,750.   Notwithstanding plaintiff's failure to complete its contract on time, the defendant did not exercise its right to terminate the contract for this reason, but permitted plaintiff to go on and complete the work.   The effect of thus permitting the plaintiff to go on and perform, notwithstanding its default as to the time of performance, is well settled.   The defendant thereby waived any right it might have asserted to plead the delay as a defense to an action for the agreed price.   Dunn v. Steubing, 120 N. Y. 232, 24 N. E. 315.   It did not, however, thereby waive its right to counterclaim for any actual damage it might have suffered by reason of the delay.   Granniss & Hurd L. Co. v. Deeves, 72 Hun, 171, 25 N. Y. Supp. 375.   Unless, therefore, the defendant in some way waived its claim for damages, it is still in a position to recover them.   We can find no evidence of such a waiver.   As has been shown, the mere forbearance to insist upon a forfeiture did not constitute a waiver.   Nor did the letter from defendants' attorneys, which is much relied on by plaintiff.   That letter was dated March 7th, after the first elevator had been installed, and, in terms, applies to an elevator not then installed, by which must necessarily have been meant the second elevator, concerning which no controversy exists.   The error into which the court below fell was in treating defendants' acquiescence in the completion of the contract as a waiver of damages for nonfulfillment, instead of only a waiver of any defense to a claim for the contract price.   Upon the case made, the plaintiff was entitled to recover the unpaid balance of the contract price, but the defendant, as against this, was entitled to recoup its damages, if any, suffered by reason of the unexcused delay in installing the first elevator.

The judgment must be reversed and a new trial granted, with costs to the appellants to abide the event.   All concur.