HAGGERTY BROTHERS, APPELLANTS, *v.* LASH & SHAUGH-
NESSY, RESPONDENTS.

(No. 2,320.)

(Submitted November 10, 1906.   Decided December 4, 1906.)

*Appeal—New Trial Statement—Review—Claim and Delivery—
Measure of Damages—Instructions.*

Appeal—Assignments of Error—New Trial Statement—Scope of Review.
   1.   Assignments of error on the giving and refusing of instructions which were not made in appellants' statement on motion for a new trial will be considered as though the record on appeal contained only the judgment-roll without the evidence.
Claim and Delivery—Measure of Damages—Instructions.
   2.   To instruct the jury, in an action in claim and delivery to recover possession of horses, wagons, etc., with damages for the wrongful detention of the same, that the measure of damages in such a case is "the value of the use of the property taken, from the time of the

taking of the same up to the present time," is error, since it fails to submit to the jury the proposition that from the gross earnings of the property in controversy the expense of feeding and taking care of it must be deducted, actual damages being all that may be recovered.

Same—Damages—Burden of Proof.

3. In an action in claim and delivery to recover the possession of horses, wagons, etc., plaintiff's title to which was denied and damages asked by defendants for a wrongful taking of the property by plaintiff, an instruction requested by the latter, that "a party who claims compensation for an alleged wrong done must show not only that he has suffered a loss on account of the injury, but also what was the amount of the loss, and the burden of proving these things is upon the party alleging the wrong," correctly stated the law, was applicable to the issues made and should have been given.

Same—Appeal—Disposition of Cause.

4. Where, in an action in claim and delivery, the issue of ownership was correctly determined, but instructions going to the question of damages claimed for the wrongful detention of the property in controversy were erroneously given and refused, the cause will be remanded for a new trial of the issue of damages only, and, after a determination of their amount, the judgment ordered modified accordingly.

*Appeal from District Court, Deer Lodge County; Geo. B. Winston, Judge.*

ACTION by Haggerty Brothers against Lash & Shaughnessy. From a judgment for defendants and an order denying their motion for a new trial plaintiffs appeal. Remanded.

*Mr. Joseph J. McCaffery,* and *Mr. H: W. Rodgers,* for Appellants.

*Mr. W. H. Trippett,* and *Mr. J. H. Duffy,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action in claim and delivery brought by the plaintiffs, Haggerty Brothers, to recover the possession of certain personal property consisting of horses, wagons, etc., and for damages for the wrongful detention of the same. The complaint is in the usual form. The answer denies plaintiffs' title or right of possession to the property, and sets forth that on August 29, 1904, plaintiffs and defendants entered into an agreement in writing by the terms of which defendants purchased

the property in controversy from the plaintiffs for the sum of $250, payable in installments. It was further agreed that defendants should haul three million feet of lumber for plaintiffs, for which they were to receive $2.50 per thousand feet. The answer then alleges that defendants paid two installments on the purchase price of the property, but that on December 11, 1904, plaintiffs, in violation of the agreement, wrongfully compelled defendants to cease work, and thereby prevented them from fully carrying out the contract. The answer further alleges that on January 11, 1905, the plaintiffs wrongfully and maliciously caused the property to be taken from the possession of the defendants, to their damage in the sum of $25 per day. The reply admits the execution of the contract of August 29, 1904, and that defendants paid $150 on the purchase price of the property. Every other allegation in the answer is denied.

Upon the trial the court gave instruction No. 10, as follows: ''If you find for the defendants in this action, you will assess their damages at the value of the use of the property taken by the plaintiffs from the time of the taking of the same, to-wit, January 17, 1905, up to the present time.'' And refused to give an instruction asked by the plaintiffs, as follows: ''The court instructs the jury that a party who claims compensation for an alleged wrong done must show, not only that he has suffered a loss on account of the injury, but also what was the amount of the loss, and the burden of proving both these things is upon the party alleging the wrong.''

The jury returned a verdict in favor of the defendants for the return of the property, and for $300 damages for the wrongful taking and detention of it by the plaintiffs, and judgment was entered in accordance with the verdict. From this judgment and an order denying their motion for a new trial, the plaintiffs appeal.

In their brief appellants make these, among other, assignments of error: (1) The giving of instruction No. 10; and (2) the refusal of the court to give plaintiff's requested instruction above. These assignments, however, are not made in plaintiffs'

statement on motion for a new trial, and they are therefore to be considered as though this record contained only the judgment-roll without the evidence.

1. The objection made to instruction No. 10 is that it does not submit a correct rule or standard for determining the amount of damages. Whatever may be the decisions in other jurisdictions as to the correctness of such an instruction, it has been condemned by this court, and the giving of such an instruction has been declared to be prejudicial error. In *Brunnell* v. *Cook,* 13 Mont. 497, 34 Pac. 1015, a similar instruction was given, and, on appeal, this court said in effect that such an instruction submits to the jury the gross earnings of the property as the measure of damages for its wrongful detention, whereas the actual damages is all that should be recovered. In other words, from the gross earnings of the property there should be deducted the expense, if any, of feeding and caring for the property. For thirteen years the rule announced in *Brunnell* v. *Cook* has remained the law of this state upon the subject, and we are not now inclined to depart from it. Accepting that doctrine, then, this instruction is erroneous in any view of the case.

2. We think the court should have given plaintiff's requested instruction. It correctly states the law, and is applicable to the issues made; and, since the jury returned a verdict in favor of the defendants for damages for the wrongful detention of the property by plaintiffs, it must likewise have been applicable to the facts disclosed by the evidence.

We have examined the other assignments made, but do not find any merit in any of them. There appears to have been no error committed in determining the issue as to the ownership of the property. The errors with respect to the instructions mentioned above go to the question of damages. Therefore, following further the rule in *Brunnell* v. *Cook,* this cause will be remanded to the district court, with directions to grant a new trial of the issue as to defendants' damages for the wrongful detention of the property by plaintiffs, unless the parties can agree as to

the amount for which the judgment for damages should be entered.

When this issue is determined, the judgment will be modified accordingly.

*Modified.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.