PUCKETT, RESPONDENT, v. HOPKINS, SHERIFF, ET AL., AP-
PELLANTS.

(No. 4,709.)

(Submitted March 18, 1922.   Decided April 10, 1922.)

[206 Pac. 422.]

*Claim and Delivery—Fraudulent Transfers—Change of Pos-
session—Measure of Damages—Appeal and Error—Tech-
nical Error—Misjoinder of Parties—Waiver.*

Parties—Misjoinder—Failure to Demur—Waiver.
>   1. Where a misjoinder of parties defendant appears from the face
>   of the complaint, the objection is waived by failure to demur
>   specially.

Chattel Mortgages—Sale of Property not Void—Effect of Sale.
>   2. Section 8201, Revised Codes of 1921, forbidding the sale of
>   mortgaged chattels without the consent of the mortgagee, is designed
>   for his protection and does not declare such a sale void or impose
>   any penalty upon the purchaser; and where a sale is made, the title
>   of the mortgagor passes, the buyer acquiring whatever equity there
>   is in the property over and above the amount due upon the mortgage.

Personal Property—Fraudulent Transfer—Change of Possession—When
Sufficient.
>   3. While a mere temporary change of possession of personal prop-
>   erty will not avail against the claim of a creditor of the vendor, the
>   change need not necessarily continue until the property is seized by
>   the creditor, but if the change was open and so long continued as
>   to indicate to the world at large that there has been a transfer of
>   title, it is sufficient.

Same—Fraudulent Transfer—Change of Possession—Sufficiency.
>   4. In applying the statutory rule as to fraudulent transfers, con-
>   sideration must be given to the situation of the parties at the time
>   of the sale; hence where a father had sold an automobile to his son,
>   who lived with his parents, and there was evidence tending to prove
>   that there was an immediate delivery and actual and continued
>   change of possession for two months until the son enlisted in the
>   army, when the father used the car occasionally to go to town, re-
>   fusal of an instruction that the change must have continued up to
>   the time of seizure by the creditor, and modification of it so as to
>   announce that the change of possession must have been open and
>   kept for such a length of time as to give general notice of the claim
>   of the son were proper.

Same—Fraudulent Transfer—Evidence—Exclusion—Harmless Error.
>   5. Exclusion of a deed made by the mortgagor of an automobile
>   on the day final payment for the car was made, and offered for the
>   purpose of showing that the money belonged to him and not to his
>   son, the purchaser; *held* harmless error where all the circumstances
>   relating to the transaction were brought to the attention of the jury
>   by the testimony of witnesses.

Claim and Delivery—Fraudulent Transfer—Evidence—Exclusion—Error
Cured by Instruction.
    6.  In an action in claim and delivery by the purchaser of an auto-
mobile seized at the instance of a creditor of the mortgagor, exclu-
sion of testimony offered by defendant in support of his defense
of fraudulent transfer, that the mortgagor was indebted to him
at the time of the seizure, was harmless where the court in effect
instructed the jury that the defendant was the creditor of the
mortgagor.

Appeal and Error—Technical Error not Sufficient to Reverse Judgment,
When.
    7.  For technical errors not affecting prejudicially the substantial
rights of appellant a judgment may not be reversed.

Claim and Delivery—Wrongful Detention—Measure of Damages.
    8.  In an action in claim and delivery the subject matter of which
was an automobile the measure of damages for its wrongful deten-
tion was its net usable value less the depreciation which would have
ensued from its use during detention, and therefore an instruction
that the measure of damages was the reasonable value of its use
while wrongfully detained was error.

*Appeals from District Court, Musselshell County; George
P. Jones, Judge.*

ACTION by Hubert D. Puckett against C. C. Hopkins, Sheriff,
and another. From a judgment for plaintiff and an order
denying them a new trial defendants appeal. Remanded.

*Messrs. Boarman & Boarman* and *Mr. W. A. Pennington,*
for Appellants, submitted an original and a supplemental
brief; *Mr. Pennington* argued the cause orally.

*Mr. A. D. Baker* and *Messrs. Jeffries & McNaught,* for Re-
spondent, submitted a brief; *Mr. A. G. McNaught* argued the
cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

In 1917 Jesse W. Puckett purchased a Ford touring car
from the local miners' union at Klein, Montana, and, to
secure the payment of the purchase price, gave a chattel mort-
gage upon the car. About September 8, 1918, the balance due
upon the indebtedness was paid, and on September 9 the
sheriff of Musselshell county seized the car under a writ of at-

tachment issued in an action wherein M. T. Polich was plaintiff and Jesse W. Puckett was defendant. Hubert D. Puckett, claiming to be the owner of the car, commenced this action and joined the sheriff and Polich as defendants. The complaint is in the form usually employed in an action in claim and delivery. The answer puts in issue all the material allegations of the complaint and seeks to justify the seizure.

Upon the trial, plaintiff, who is the son of Jesse W. Puckett, introduced testimony tending to prove that he purchased the car from his father early in April, 1918; that in consideration for the transfer he agreed to assume and pay the balance due to the union; that he took possession of the car and used it in the taxicab business until some time in June following, when he left Musselshell county to enter the military service. It was the contention of the defendants that there never was a sale by the father to the son; that the claim of plaintiff was a mere pretense advanced to cover up the father's property and prevent his creditors from seizing it; and that, if a sale was actually intended, it was void as against the claim of an attaching creditor.

The trial of the cause resulted in a verdict for the plaintiff for the return of the car, or for its value fixed at $450, in case return could not be had, and for $450 damages for wrongful detention. From the judgment entered thereon and from an order denying a new trial, defendants appeal.

It is contended that there is a misjoinder of parties [1] defendant, but, if so, that fact appeared from the face of the complaint and the objection now sought to be urged was waived by the failure to demur specially. (Sec. 9136, Rev. Codes 1921; *Meredith* v. *Roman,* 49 Mont. 204, 141 Pac. 643.)

The contention that the sale by the father to the son was [2] void by reason of the fact that the car was subject to a chattel mortgage is without merit. The statute (sec. 8291, Rev. Codes 1921) which forbids the sale of mortgaged chattels

without the consent of the mortgagee was intended for the protection of the mortgagee. It does not declare such a sale void and does not impose any penalty upon the purchaser. If there was in fact a sale in this instance, the title of the mortgagor passed, and plaintiff acquired whatever equity there was in the car over and above the amount due upon the mortgage. (5 R. C. L. 443, 446; Jones on Chattel Mortgages, sec. 455; *Sanford* v. *Duluth & D. Elevator Co.*, 2 N. D. 6, 48 N. W. 434; *Lafayette County Bank* v. *Metcalf*, 29 Mo. App. 384; *Gage* v. *Whittier*, 17 N. H. 312.)

Defendants requested the court to charge the jury that, in [3, 4] order to constitute a valid sale as against a creditor of Jesse W. Puckett, the delivery of the car to the son must have been followed by an actual change of possession, and "that the change of possession had been continued up to the time of the alleged taking by the defendants." The court struck out the language quoted and inserted in lieu thereof the following: "Was open and kept for such a length of time as to give general notice of the claim of the property by the plaintiff." It is the contention of the defendants that the instruction as offered is a correct exposition of the law as declared in section 8604, Revised Codes of 1921, and that the instruction given as modified is erroneous. While it is true that a mere temporary change of possession will not avail as against the claim of a creditor of the vendor, it is not true that the change must necessarily continue until the property is seized by the creditor. It is the general rule that, to defeat the claim of the creditor of the vendor, the change of possession must be open and so long continued as to indicate to the world at large that there has been a transfer of title. (*Dodge* v. *Jones,* 7 Mont. 121, 14 Pac. 707; *Cady* v. *Zimmerman,* 20 Mont. 225, 50 Pac. 553; *Morris* v. *McLaughlin,* 25 Mont. 151, 64 Pac. 219; *Taylor* v. *Malta Mercantile Co.,* 47 Mont. 342, 132 Pac. 549; 27 C. J. 581.) In applying the statutory rule, consideration must be given to the situation of the parties at the

time of the sale. In this instance the plaintiff lived with his
father and mother and, after the sale, kept the car on the
family premises, where the father had kept it previously.
The law did not impose upon the son the duty to abandon his
parents in order to validate his purchase. There was evidence
tending to prove an immediate delivery of the car and an
actual and continued change of possession for two months
and until the son left home to enlist. The only use made of
the car by the father after that date was for the purpose of
going to town occasionally. Under these circumstances, the
court did not err in giving the modified instruction, though
the language employed might have been somewhat more ex-
plicit. (*Webster* v. *Sherman,* 33 Mont. 448, 84 Pac. 878;
*Rowan* v. *United States F. & G. Co.,* 105 Wash. 432, 178 Pac.
473.)

Plaintiff testified that he personally paid $30 upon the in-
[5] debtedness to the union, and, when he left to enlist,
he gave to his mother a sum of money sufficient to pay the
balance. The mother testified to the same facts and also that
on September 7 she gave to Jesse W. Puckett $150 of the
money left with her by her son for the purpose of dischar-
ging the debt. The father testified to the same facts, and
further that he paid off the indebtedness against the car
on September 8 with the money which he received from the
plaintiff's mother. On cross-examination he reiterated the
statement concerning the payment of the debt. He testified:
"Yes, I paid it. Paid it to Charlie Cooper, secretary of the
local union at Klein, $150, I think, the last payment. The
money which I paid Charlie Cooper was the money the boy
had left there with his mother. She gave me the money to
pay for it on the 7th of September in the morning. On the
8th of September, Sunday, I paid Charlie Cooper the balance,
$150. * * * Mr. McKenzie was with me." He was then
asked if he had not sold some property immediately prior to
making the payment, and answered that he had not. He was

then asked if he had not executed a deed for some property at the time the payment was made, but, upon objection, he was not permitted to answer. Later, defendants offered in evidence a deed from Jesse W. Puckett and wife to William McKenzie; but the offered evidence was excluded. If error was committed, it was harmless. The evidence on behalf of plaintiff discloses that Jesse W. Puckett and his wife had borrowed about $200 from William McKenzie and had executed and delivered to McKenzie a deed for a house and lot and received back a contract; that the conveyance was made to enable McKenzie to sell the property for them; and that a sale to McKenzie was never intended or effected. On behalf of defendants, McKenzie testified that the transaction was a sale; that he paid the purchase price ($215) to Jesse W. Puckett on the evening of September 8, 1918; that at the time Jesse W. Puckett stated that he had but $30 and was compelled to pay the balance of the indebtedness to the miners' union; that immediately after the transaction he went with Jesse W. Puckett to the home of Charles Cooper, secretary of the union; and that in his presence Jesse W. Puckett paid to Cooper $150 from the very money which he (McKenzie) had but a few minutes before delivered to Puckett. Under these circumstances, the exclusion of the deed was harmless. The jurors had before them all the facts and circumstances surrounding the transaction and could pass upon the credibility of the witnesses as well without as with the deed.

While defendants were presenting their testimony, they [6] sought to show that from March 9, 1918, until the time of the trial, Jesse W. Puckett was indebted to the defendant Polich at whose instance the writ of attachment had been issued and the property seized. The evidence was excluded, and error is assigned upon the ruling. Since the defendants were relying upon the defense that the provisions of section 8604 had not been complied with, it was indispensable that they prove that Polich was Jesse W. Puckett's creditor,

otherwise the defense was not available; but the error in excluding the evidence was cured by the instruction given which told the jury that, in order for plaintiff to recover, he must prove by a preponderance of the evidence that the sale from his father was accompanied by an immediate delivery and followed by an actual and continued change of possession. In other words, although the court refused to permit the defendants to prove that Polich was Jesse W. Puckett's creditor, it told the jury that he was such creditor.

Other technical errors were committed by the court, but it [7] appears to us that it is quite impossible that they could have worked to defendants' prejudice, and therefore they cannot be available upon these appeals. (Sec. 9191, Rev. Codes 1921.)

The only serious question arises from the giving of [8] instruction 14, to the effect that, if the jury found the issues in favor of plaintiff, they should award him possession of the car or its value in case it could not be returned to him, and also damages for its wrongful detention. The instruction concludes as follows: "In this connection you are instructed that the measure of damages for the withholding of said car is the reasonable value of the use of the same while it was wrongfully detained by the defendants." The only evidence of the usable value of the car related to its use in the taxicab business. The error in the rule as stated could not be illustrated better than it is in this instance. Under the evidence before us, if the defendants had destroyed the car or otherwise disposed of it, their liability would have been measured by the value of the car ($450) and interest on that amount at eight per cent per annum from the date of the seizure to the date of the trial (sixteen months), or a total of $498; but, because they stored the car and preserved it in the same condition as it was when seized, they are made liable by the verdict for a car valued at $450 and for $450 damages for its detention,

or, in the aggregate, $900. In other words, they are penalized to the extent of $402 because they did not destroy the property. Such a result cannot be reached by any lawful means. There is not any claim made for exemplary damages. All that plaintiff was entitled to was compensation—to be restored to the situation in which he would have been if the car had not been seized. The rule that the net usable value may be recovered applies only to a cause involving personal property the use of which does not lessen its value materially. The evidence discloses that the car in question was a second-hand car at the time Jesse W. Puckett purchased it in 1917; that he used it in the taxicab business for a considerable period of time; and that plaintiff also used it in the same business for more than two months, and the undisputed evidence, given by a witness for plaintiff, is that if the car had been continued in that service it would have been worn out entirely before the expiration of the time covered by its detention. Under these circumstances, the measure of damages for wrongful detention is the net usable value of the car (*Brunell* v. *Cook,* 13 Mont. 497, 34 Pac. 1015; *Haggerty Bros.* v. *Lash & Shaughnessy,* 34 Mont. 517, 87 Pac. 907), less the depreciation which would have ensued from its use during the period of detention (*Peerless Machine Co.* v. *Gates,* 61 Minn. 124, 63 N. W. 260; *Armstrong & Latta* v. *Philadelphia,* 249 Pa. 39, Ann. Cas. 1917B, 1082, 94 Atl. 455). The doctrine announced by this court in *Chauvin* v. *Valiton,* 8 Mont. 451, 3 L. R. A. 194, 20 Pac. 658, *Chestnut* v. *Sales,* 44 Mont. 534, 121 Pac. 481, and *Hammond* v. *Thompson,* 54 Mont. 609, 173 Pac. 229, is not in conflict with the views here expressed. The particular question now under review was not considered or determined in any of those cases.

In conformity to the rule heretofore established, the cause is remanded to the district court for a new trial of the issue of damages for wrongful detention only, unless the parties can agree upon the amount. When that issue is determined, the

judgment will be modified accordingly. Defendants will re-
cover one-third of their costs of appeal.

*Remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES
COOPER and GALEN concur.