
DA 08-0454

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 296N

LAURA J. RASHID,

      Plaintiff and Appellee,

  v.

DAVE JOLLY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 07-538
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Richard P. DeJana, Attorney at Law, Kalispell, Montana

      For Appellee:

          George B. Best and Paul A. Shae, Attorneys at Law, Kalispell, Montana

              Submitted on Briefs:  April 8, 2009

                    Decided:  September 2, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Dave Jolly appeals from a judgment of the Eleventh Judicial District Court, Flathead County, in favor of Laura Rashid in the amount of $7,064.30 as compensatory and incidental damages, $5,000 in punitive damages, and $8,413.29 in attorney fees and costs, based on Jolly's breach of a contract granting a right of first refusal for Rashid to purchase Fancy the mule. We reverse and remand with instructions.

¶3 Jolly raises several issues on appeal. We restate them as follows:

¶4 Issue 1: Did Jolly's failure to offer to sell the mule "Fancy" to Rashid breach an enforceable right of first refusal clause in the contract for the original sale of that mule?

¶5 Issue 2: Was the District Court's damage award erroneous?

¶6 Issue 3: Did the District Court err in assessing punitive damages?

¶7 Issue 4: Did the District Court err in awarding attorney fees?

¶8 Rashid agreed to sell her mule, Fancy, to Jolly in 1999. As consideration, Jolly agreed to train two of Rashid's donkeys. After Jolly had taken possession of Fancy, the parties later reduced their agreement to a writing titled "bill of sale." Both Rashid and Jolly signed the bill of sale which, in part, states:

2

It is understood and agreed by both parties that in the event that [Jolly] should decide to sell or otherwise dispose of this mule, [Rashid] shall be notified and given the right of first refusal.

¶9 Rashid also transferred to Jolly some custom-made tack fitted especially to Fancy that was not listed in the bill of sale. The document is silent concerning what would happen to the tack if Jolly sold Fancy.

¶10 In September 2004, Jolly sold the mule to a family in Idaho without first notifying Rashid. Rashid confronted him several months later, and Jolly told her he "relinquished ownership" to his best friend in Idaho.

¶11 Rashid wrote Jolly a letter, inquiring about the sale of Fancy to the family in Idaho. Jolly responded he did not know the name or address of the new owners. Rashid, concerned about Fancy's well being, took two trips to Idaho to look for her. Eventually, she found Fancy, and satisfied herself that the mule was being satisfactorily cared for.

¶12 Rashid, acting *pro se*, filed a complaint against Jolly in the Flathead County Justice Court, generally seeking to recover the costs of her search for Fancy, for the return of Fancy, or for such other and further relief as the court deemed fair. Specifically, she sought to recover the current value or purchase price of the mule, training, shipping costs, tack, costs incurred when traveling to Idaho to locate Fancy (which included the cost of shutting down her husband's medical practice for four days), court costs and legal fees. The Justice Court entered judgment against Jolly in the amount of $3,016.09. Jolly appealed to the District Court.

¶13 After a trial de novo, the District Court concluded that the right of first refusal was enforceable and Jolly breached the contract by not notifying Rashid before he sold Fancy. The District Court awarded "compensatory damages" including: $3,660 as the mule's training costs and expenses; $255 in shipping costs; $691.41 for equipment and tack specific to Fancy; $457.89 for Rashid's travel costs to Idaho to locate Fancy; and, $2,000 as lost income for Rashid and her husband, for a total of $7,064.30.

¶14 The District Court further concluded as a matter of law that Jolly committed fraud and acted with malice. Therefore, the District Court entered judgment against Jolly and in favor of Rashid for $5000 as punitive damages. The District Court also awarded Rashid her attorney fees in the amount of $7,678.75, and costs of $541.04.

¶15 A district court's findings of fact are reviewed to determine whether the findings are clearly erroneous. *Whitehorn v. Whitehorn Farms, Inc.*, 2008 MT 361, ¶ 18, 346 Mont. 394, 195 P.3d 836. We review a district court's conclusions of law for correctness. *Whitehorn*, ¶ 18.

¶16 On appeal, Jolly first contends the right of first refusal in the bill of sale is unenforceable as an invalid restraint on alienation. Thus, he argues the District Court erred in concluding he breached the contract.

¶17 A right of first refusal is void if it is considered a condition restraining alienation and repugnant to the interest created. Section 70-1-405, MCA. A finding of unreasonableness is supported if the price is fixed and greatly disproportionate to the market value of the property and if it appears from the circumstances that the restraint is primarily for the

4

purpose of restraining the alienability of the property. *Urquhart v. Teller*, 1998 MT 119, ¶ 18, 288 Mont. 497, 958 P.2d 714. However, if the circumstances suggest the restraint was freely entered into by mutual consent and promotes the transfer of the property, the restraint is not void. *Urquhart*, ¶ 18.

¶18 Jolly's contention that the right of first refusal is an unreasonable restraint on alienation of property is not supported by the record. There was no price fixed for the mule, and no evidence that the primary purpose of the right of first refusal was to restrain her alienability. The record is clear that Jolly breached his contract with Rashid when he sold Fancy without telling her of the sale and giving her the first right to purchase the animal. The right of first refusal clause in the contract is enforceable.

¶19 Jolly next argues that the District Court erred in its damages award. The measure of damages for a breach of contract is the amount that will compensate the party aggrieved for all the detriment proximately caused by the breach, or in the ordinary course of things would be likely to result therefrom. Section 27-1-311, MCA. No person can recover a greater amount in damages for the breach of an obligation that he could have gained by the full performance thereof, unless a greater recovery is specified by statute. Section 27-1-303, MCA. The amount of damage for loss of an animal is the value of the animal. *McPherson v. Schlemmer*, 230 Mont. 81, 84, 749 P.2d 51, 52-53 (1988) (citing *In re Snyder v. Bio-lab, Inc.*, 405 N.Y.S.2d 596 (1978)); *Brunell v. Cook*, 13 Mont. 497, 499, 34 P. 1015, 1016 (1893).

5

¶20 Even though it correctly concluded that Jolly breached the contract and thus became liable for damages, the District Court did not determine Rashid's damages as required by applicable contract law.

¶21 In this case, the record clearly shows that Jolly sold Fancy for $2,800. The evidence shows that the market value of the mule was $3,500. Thus, Jolly's breach deprived Rashid of her contract right to purchase property worth $3,500 for $2,800. Her damages are $700.

¶22 There is no evidence of a contract stating that the tack Rashid transferred to Jolly must be returned if he sold Fancy. Thus, an award of damages for the tack is not appropriate.

¶23 Rashid claims her travel expenses, loss of income, and training and shipping costs of the mule are incidental damages. Incidental damages are,

> expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, and any commercially reasonable charges, expenses, or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

Section 30-2-715(1), MCA.

¶24 The District Court incorrectly awarded Rashid damages for shipping costs as there is no evidence Rashid paid to ship the mule anywhere after she sold it to Jolly. Training costs were also erroneously awarded as damages. Rashid traded Fancy in consideration for Jolly's training services. That part of the contract was executed. When Jolly breached his obligation to allow Rashid a first right to purchase the property, her damages were the difference between the amount she could have purchased the property for and its fair market value. Consideration for the first sale is not a part of her damages.

6

¶25   The District Court also erred by entering judgment against Jolly in the amount of Rashid's travel expenses to Idaho to look for Fancy and make sure she was well cared for. When Jolly sold Fancy to a third party, he breached the contract and became liable for contract damages. Rashid's search for Fancy did not arise out of a contractual obligation. Nor were Rashid's trips to Idaho necessary. In her suit to recover for breach of the right of first refusal, Rashid had the right to ask Jolly about Fancy's location and how much he sold her for, so she could determine the amount of her damages. She could easily gain this information by filing interrogatories in the lawsuit. However, Rashid did not utilize available discovery tools to find Fancy.

¶26   This Court recognizes that people oftentimes have great affection for their animals. However, at law, a mule is personal property. Section 70-1-104(2), MCA. While the District Court found that Rashid cared deeply for Fancy, and it is admirable she was so concerned about the mule that she made several trips to Idaho to check on her condition, well intentioned trips to assure that a mule is well cared for do not give rise to incidental damages for breach of contract. The District Court erred when it awarded travel costs, including loss of income while traveling, as damages.

¶27   Considering the facts of this case, the District Court erred in awarding punitive damages. Punitive damages are not allowed in an action arising from a contract or the breach of a contract. Section 27-1-220(2)(a)(i), (ii), MCA. Punitive damages are only awarded when clear and convincing evidence supports the conclusion the defendant

committed actual fraud or actual malice outside of the contract context. *Weter v. Archambault*, 2002 MT 336, ¶ 40, 313 Mont. 284, 61 P.3d 771.

¶28 Even though the District Court concluded Rashid incurred damages as the result of a breach of contract, it assessed punitive damages because it determined Jolly committed fraud when he sold Fancy without "first affording [Rashid] the opportunity to exercise her right of first refusal and by his representation to her that he did not know the name or address of the purchaser." The court also concluded Jolly was guilty of malice when, "with knowledge of [Rashid]'s right of first refusal, he disregarded that right and deliberately proceeded to sell Fancy in intentional disregard and indifference to the high probability that [Rashid] would be legally injured by his conduct."

¶29 Actual fraud, which allows an award of punitive damages, exists only when the plaintiff has a right to rely upon a false representation of the defendant and suffers injury as a result of that reliance. Section 27-1-221(3), (4), MCA. By the time Jolly told Rashid he transferred the mule and did not know the name of the purchaser, the mule was already sold, the contract breached, and the only damage Rashid suffered arose from the breach of the contract. Rashid incurred no damage as a result of what Jolly may have told her about the identity of the purchaser or Fancy's location. Jolly's statement did not amount to fraud justifying an award of punitive damages.

¶30 While it could be implied that the District Court found as a matter of fact that Jolly deliberately breached his contract, it is evident that the agreement granting the right of first

8

refusal, as well as the subsequent sale of the mule to a third party, were completely in the context of contract. Punitive damages may not be awarded on the basis of malice.

¶31 In her contentions in the pre-trial order, Rashid claimed, without citation to any authority, that she is entitled to attorney fees because Jolly's breach of the contract and his later actions resulted in this lawsuit. In her District Court memorandum in support of her proposed findings of fact and conclusions of law, Rashid cites no authority for an award of attorney fees. The District Court cited no authority for its award of attorney fees. Thus, Rashid claimed in the District Court that she is entitled to her attorney fees, but gave no reason why; and the District Court awarded attorney fees without an inkling of why it did so.

¶32 In general, a court may award attorney fees only where a statute or contract provides for their recovery. *Blue Ridge Homes, Inc. v. Thein*, 2008 MT 264, ¶¶ 74-76, 345 Mont. 125, 191 P.3d 374. Citing § 37-61-421, MCA, for the first time on appeal, Rashid asserts she is entitled to attorney fees because Jolly multiplied the proceedings by defending this action in both Justice Court and District Court. The District Court did not determine that Jolly multiplied the proceedings, as required by § 37-61-421, MCA, and simply defending an action is not unreasonably and vexatiously multiplying the proceedings. In this case attorney fees may not be assessed under § 37-61-421, MCA.

¶33 Citing § 81-30-104, MCA, again for the first time on appeal, Rashid claims that because Jolly exercised control over the mule with the intent to deprive Rashid of her right to purchase it, she is entitled to her attorney fees. Title 81, Chapter 30, MCA, is the Farm Animal and Research Facilities Protection Act (the Act). This Act does provide for an award

9

of attorney fees if the owner of an animal is deprived of it in violation of the Act. Sections 81-30-103, 81-20-104(1)(b), MCA. Leaving for another day the question of whether Jolly violated the Act, its attorney fees provision does not apply as Jolly was in lawful possession of the mule and Rashid was not its owner. Section 81-30-102(7), MCA.

¶34 Finally, Rashid, again through counsel, makes a purblind claim that she is entitled to her attorney fees in this breach of contract action under Montana's Consumer Protection Act, § 30-14-906, MCA, because Jolly somehow, in the price he charged, illegally discriminated against her because she loves animals. This claim was not presented to the District Court and it is so obtuse that we decline to discuss it.

¶35 We reverse and remand to the District Court with instructions to enter judgment in favor of Rashid and against Jolly in the amount of $700, plus costs in the amount of $541.04, for a total of $1,241.04. Neither party shall have their costs on appeal.

/S/ JOHN WARNER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

10